PER CURIAM.
This is an appeal from an order denying a motion in the nature of a 1.540 motion to set aside an order dismissing plaintiffs’ case for lack of prosecution.
This case originally commenced in 1975. It was dismissed after plaintiffs’ attorney failed to appear for jury selection. This matter was appealed and affirmed. The matter was refiled in 1979. The effect of the initial dismissal has yet to be litigated due to the lack of prosecution of the second case. No activity occurred for over a period of one year, at which time defendant filed a motion to dismiss pursuant to Florida Rule of Civil Procedure 1.420(e). Plaintiffs’ attorney subsequently filed a statement of good cause and a motion to set aside the judgment. The motion was denied, he appeals, and we affirm.
Our review of the matter is hampered by the absence of transcripts from the hearings, the absence of any sworn affidavits, or any other reliable testimony. The only facts before us are contained in the parties’ briefs which directly contradict each other and do not cite to the record.
Apparently because of poor health and a series of operations, the plaintiffs’ attorney, a sole practitioner, essentially closed his practice of law without notifying the court, the defendant’s attorney, or his clients. He failed to appear at the hearing on the motion to dismiss because by the time he picked up his mail, the hearing had already occurred. Although the time between the mailed notice and the scheduled hearing may have been short, appellant concedes he was eventually allowed to present all matters on his motion to set aside. On appeal, it is alleged that the court abused its discretion in denying the motion to vacate the order of dismissal.
In Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980), the supreme court approved the following test for review of a judge’s discretionary acts:
Discretion, in this sense, is abused when the judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.
Delno v. Market Street Railway Company, 124 F.2d 965, 967 (9th Cir.1942).
Applying this test to the facts of this case, we conclude that the appellants have failed to show an abuse of discretion. We, *282 therefore, affirm the order of the trial court denying the motion to vacate.
AFFIRMED.
DOWNEY, BERANEK and WALDEN, JJ., concur.